UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RICARDO M. MEZA,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-07-0271-CI

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.) Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

**JURISDICTION**

On October 12, 2005, Ricardo Meza (Plaintiff) applied for disability insurance benefits and Social Security Income (SSI) benefits. (Tr. 66-69, 70-73.) Plaintiff alleged disability due to

degenerative disc disease, TB, arthritis, back pain, neck pain, shoulder pain, bipolar disorder and depression, with an onset date of February 28, 2004. (Tr. 103, 156.) Benefits were denied initially and on reconsideration. (Tr. 47.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Mary Bennett Reed on November 8, 2006. (Tr. 333-401.) Plaintiff, who was represented by counsel, testified. (Tr. 337-389.) Vocational expert Fred Cutler also testified. (Tr. 389-400.) The ALJ denied benefits and the Appeals Council denied review. (Tr. 5-8, 18-30.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 48 years old at the time of the hearing. (Tr. 338-39.) He was unmarried with two adult children who lived in California and with whom he had little contact. (Tr. 243, 339.) He had a high-school education and over four years of vocational training in welding. (Tr. 339-41.) He had over ten years of work experience as a welder, and additional employment as a cook, food service worker, meat cutter, coffee roaster, laborer and maintenance worker. (Tr. 203, 341-54, 357.) He testified he could no longer work due to his inability to lift or hold onto objects as a result of past surgeries and back problems. (Tr. 357-58, 363.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Reed found Plaintiff had engaged in work since the alleged onset date, but the work was considered an "unsuccessful work attempt" and not "substantial gainful activity." (Tr. 20.) At

step two, she found Plaintiff had severe impairments of "mild airway disease, status post tuberculosis treatment, degenerative disk disease, and obesity."[1] (*Id*.) At step three, she found these impairments do not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 27.) ALJ Reed found Plaintiff to be "less than fully credible." (Tr. 29.) At step four she found Plaintiff had the residual functional capacity for light exertion with the following limitations:

> Pushing and pulling is limited to 20 pounds occasionally and 10 pounds frequently. He can occasionally engage in stooping or reaching overhead. He can occasionally climb ramps or stairs, but should avoid climbing ropes, ladders, or scaffolds. He should avoid concentrated exposure to dust, fumes, or odors.

(Tr. 27.) Based on the record and vocational expert testimony, she found Plaintiff was able to perform his past relevant work as an eye glass cutter, food assembler, and light assembly worker. (Tr. 29)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a

---

[1] The finding of "obesity" at step two appears to be a clerical error. (Tr. 20.) The record indicates Plaintiff was 5 feet 4 inches, and weighed 174 pounds in July 2006. (Tr. 298.) Under prior Regulations, at 5 feet 4 inches, a male weighing in excess 270 pounds was considered "obese." Listings, Section 9.00 (rev. April 1999). Further, there is no mention of obesity in medical reports.

> preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from

licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Perales,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when she determined Plaintiff was capable of light level work and found no severe mental impairments at step two. (Ct. Rec. 14.)

**DISCUSSION**

**A. Step Two: Severe Mental Impairments**

To satisfy step two's requirement of a severe impairment, the Plaintiff must provide medical evidence consisting of signs, symptoms, and laboratory findings. The claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects

of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20. C.F.R. § 416.929. The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be "not severe" *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*citing Social Security Ruling (SSR)* 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.

Here, the ALJ thoroughly discussed the medical evidence which included psychological evaluations by examining medical sources Debra Brown, Ph.D., in January 2005, and Frank Rosekrans, Ph.D., who supervised Shari Lyszkiewicz, MS, CMHC, in testing and evaluation, in January 2006. (Tr. 202-209; 242-249.) Dr. Brown and Dr. Rosekrans diagnosed Plaintiff with malingering and did not diagnose a bipolar or other mental disorder. Plaintiff appears to rely on the opinions of Patricia Kraft-Rinehart, Ph.D., non-examining reviewing psychologist, who reviewed the records in March 2006 and assessed bipolar disorder with moderate limitations in six functional areas. (Tr. 260-277.) Plaintiff argues the ALJ did not properly reject Dr. Kraft-Rinehart's diagnosis and assessment, which if credited, would require a finding of a disabling severe mental impairment. (Ct. Rec. 14 at 16. )

In disability proceedings, a treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If a treating or examining physician's opinion is not contradicted, it can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion if she states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Services*, 44 F.3d 1453, 1463 (9th Cir. 1995).

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a Plaintiff's subjective complaints, as specific, legitimate reasons for disregarding an examining physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

"State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of medical issues in disability claims under the Social Security Act." *Social Security Ruling (SSR)* 96-6p. Their findings of fact must be treated as expert opinion evidence of non-examining sources by the ALJ, who can give weight to these opinions only insofar as they are supported by evidence in the case record. The ALJ cannot ignore these opinions and must explain the weight given. *Id.* The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31.

ALJ Reed rejected Dr. Kraft-Rinehart's opinions, stating that they conflicted with two psychological examinations, which included objective psychological testing, that did not diagnose a bipolar or other mental disorder. (Tr. 26.) Dr. Kraft-Rinehart's opinion cannot by itself constitute substantial evidence that justifies the rejection of the uncontroverted opinions of Drs. Brown and Rosekrans. *Lester*, 81 F.3d at 831; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Dr. Kraft-Rinehart's opinion is not supported by other objective medical evidence, or the opinions of examining medical sources. Therefore, it is not substantial evidence upon which the ALJ can rely.

In her step two findings, the ALJ further reasoned that other reports of a bipolar diagnosis in the record were from non-medical sources and based on Plaintiff's unreliable self-report.[2] (Tr. 21, 225-40.) Non-medical sources, such as nurse practitioners and physician's assistants, cannot establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Further, the opinions of acceptable medical sources, such as Drs. Brown and Rosekrans, are given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927.

ALJ Reed did not err in her rejection of Dr. Kraft-Rinehart's assessment or the reports from non-medical sources that Plaintiff

---

[2] In addition to objective test results that indicated malingering, the ALJ cited inconsistencies in Plaintiff's statements that further support her credibility determination, which Plaintiff has not challenged. (Tr. 28-29.)

had a mental disorder. Without substantial evidence from acceptable medical sources that Plaintiff has mental disorder, there is no basis for a step two finding of "severe mental impairment." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). The record in its entirety supports the ALJ's finding that Plaintiff does not have a "medically determinable mental impairment." (Tr. 26.)

**B. Residual Functional Capacity (RFC)**

Although Plaintiff asserts he is more limited physically than the ALJ found in her RFC determination, he makes no argument as to why the ALJ erred. Contrary to Plaintiff's contention, ALJ Reed made specific findings regarding Plaintiff's RFC which are supported by substantial evidence. (Tr. 27-29.) Orthopedic specialists George Bagby, M.D., and William Shanks, M.D., examined Plaintiff and opined he was capable of light work. (Tr. 210-12, 282-84.) Their opinions are uncontroverted by other acceptable medical sources. Plaintiff notes that nurse practitioner Anna Hirsch opined Plaintiff was limited to sedentary work. (Tr. 294.) However, the ALJ properly found Nurse Hirsch's opinion is based on claimant's unreliable self report and is inconsistent with the opinions of examining medical sources, whose opinions are given more weight than non-medical sources. 20 C.F.R. §§ 404.1527, 416.927. Further, the ALJ found Plaintiff's activities of daily living were consistent with light exertion level. (Tr. 28.) The ALJ's RFC determination is reasonably supported by substantial evidence and without legal error.

**CONCLUSION**

The ALJ's determination that Plaintiff is not "disabled" as

defined by the Social Security Act is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**.

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **DEFENDANT** and the file shall be **CLOSED**.

DATED September 8, 2008.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE